UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VALARIE PRICE,

          Plaintiff,

   v.                             ACTION NO. 2:03cv568

FIRST STAR MORTGAGE,
ANTHONY J. CORCINI,
Secretary Department of Veteran Affairs,
and
SAMUEL I. WHITE,

          Defendants.

## OPINION AND FINAL ORDER

This matter comes before the court on its March 24, 2006, Show Cause Order. For the reasons stated below, the court **ORDERS** plaintiff Valarie Price ("Price") to pay a fine to the court in the amount of $1,000.00, pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). Pursuant to its inherent powers, the court **HOLDS** Price in civil contempt and **ORDERS** her to pay attorneys' fees to defendants in the amount of $3,300.00 for First Star Mortgage ("First Star") and Samuel I. White ("White"), and $909.66 for the United States of America.

### I. Procedural History

This case has a long history pre-dating the Show Cause Order.[1]

---

[1] The history that follows includes only those party submissions and court actions that are relevant to the instant matter. A certified copy of the court's Docket Report of the case is attached to this Opinion and Final Order as Exhibit A and made a part hereof.

On August 7, 2003, plaintiff Price submitted a Complaint against Anthony J. Corcini, Secretary of the Department of Veterans Affairs (the "Secretary"); First Star; and White.  On November 25, 2003, the court issued an Opinion and Order advising Price that her claims against the Secretary would be dismissed within twenty days, unless she established that the court had subject matter jurisdiction over the Secretary.  Price responded on December 15, 2003.  On December 29, 2003, Price submitted her first motion to this court under Federal Rule of Civil Procedure 60 ("Rule 60"), seeking relief from the November 25, 2003, Opinion and Order, a non-final judgment.  On December 31, 2003, Price filed a notice of appeal, appealing to the Fourth Circuit the November 25, 2003, Opinion and Order.  On January 9, 2004, this court issued an Opinion and Order, dismissing Price's claim against the Secretary for lack of subject matter jurisdiction.  On March 9, 2004, Price filed a second notice of appeal, appealing to the Fourth Circuit the January 9, 2004, Opinion and Order.  On September 9, 2004, the Fourth Circuit issued an opinion dismissing Price's appeals because there had been no final order in this case.  On November 16, 2004, the court issued an Opinion and Order denying Price's December 29, 2003, Rule 60 motion.  On January 11, 2005, Price submitted her second Rule 60 motion, seeking relief from the January 9, 2004, Opinion and Order; several Orders issued on November 16, 2004; and a December 10, 2004, Order.  Price also moved for summary judgment

and for the case to be moved to the United States Court of Claims.

On February 9, 2005, the court issued an Order denying Price's January 11, 2005, Rule 60 motion. The court also issued an Opinion and Final Order dismissing Price's claims against First Star and White, for lack of subject matter jurisdiction. The Opinion and Final Order advised Price of her right to appeal. She never appealed.

On February 23, 2005, Price submitted her third Rule 60 motion, seeking relief from all of the orders the court had issued in her case. On April 25, 2005, the court issued an Order denying Price's February 23, 2005, motion. The court warned Price that this motion was her third attempt to seek relief from judgment and that all three motions Rule 60 were frivolous. The court advised Price that it "can and will sanction pro se plaintiffs that file frivolous motions." Price v. First Star Mortgage, Order, No. 2:03cv568, at 7-8 (E.D. Va. April 25, 2005). The court also advised Price of her right to appeal. She never appealed.

On February 8, 2006, more than nine months after the court denied Price's third Rule 60 motion, and a year after the court dismissed Price's case, Price submitted motions to amend her claim pursuant to Federal Rule of Civil Procedure 15 and to have her case moved to the United States Court of Claims, which request had previously been denied by Order of February 9, 2005. The Secretary, First Star, and White, all responded on February 22,

3

2006. On March 14, 2006, the court issued an Order warning Price that her February 8, 2006, submission was frivolous and that sanctions under Rule 11 apply to pro se plaintiffs. The court stated that "[a]ny further attempt by plaintiff to reopen and continue this closed case will result in a show cause order directed to plaintiff for sanctions under Rule 11," including for attorneys' fees and costs incurred in defending against "these frivolous, meritless motions and attempts to reopen the case." Price v. First Star Mortgage, Order, No. 2:03cv568, at 2-3 (E.D. Va. March 14, 2006). The court also advised Price of her right to appeal.

On March 20, 2006, Price submitted a motion for an extension of time to reply to defendants' February 22, 2006, responses. The court issued the instant Show Cause Order on March 24, 2006, directing Price to appear before the court on April 18, 2006, to show cause why sanctions should not be entered against her pursuant to its April 25, 2005, and March 14, 2006, orders warning her that sanctions could be imposed if she continued to submit frivolous motions.

This case also has a long history subsequent to the court's issuance of the March 24, 2006, Show Cause Order. On April 18, 2006, the court convened the first show cause hearing. Price failed to appear. The court issued a civil arrest warrant for Price in order to compel her appearance. On May 9, 2006, Price

4

filed yet another Motion to Change Venue. On May 10, 2006, the court convened a second show cause hearing, at which Price appeared. The court denied Price's Motion to Change Venue. Price requested a continuance of the hearing, offering as a reason that she wished to retain counsel. The court granted Price's request and continued the show cause hearing to June 7, 2006.[2] Immediately upon the court adjourning, Price filed a notice of appeal of this court's March 14, 2006, Order. On June 7, 2006, on the day that the court was to convene its third show cause hearing regarding this matter, Price purportedly filed a writ of mandamus with the Fourth Circuit to stay this court's show cause hearing until the appellate court decided her appeal. Price also moved this court to stay proceedings until the Fourth Circuit decided her writ. This court granted Price a brief continuance of the show cause hearing until August 1, 2006.[3] The court also gave Price the option, at her request, to submit written materials rather than to appear at the August 1, 2006, hearing. Price never submitted any written materials. The court also stated that if the Fourth Circuit did not decide the writ of mandamus by August 1, 2006, it would decide at that time whether to proceed with the sanctions hearing or

---

[2] Price never retained an attorney in this matter.

[3] A court may sanction a party even if that party has filed a notice of appeal of the case which resulted in the offending conduct, and that appeal is pending. <u>See</u>, <u>e.g.</u>, <u>Langham-Hill Petroleum, Inc. v. S. Fuels Co.</u>, 813 F.2d 1327, 1330-31 (4th Cir. 1987).

whether to stay proceedings pending disposition of the writ.[4]
However, the Clerk's Office at the Fourth Circuit has related to
the Clerk's Office of this court that no writ of mandamus was ever
filed with the Fourth Circuit by Price.  Defendants submitted
statements of fees on July 27, 2006, and July 28, 2006.  On
August 1, 2006, Price submitted a Motion For Continuance of Stay
and Removal of Judge Rebecca Beach Smith.[5]  The court denied
Price's motion and proceeded to hear testimony from her regarding
whether she had good cause why sanctions should not be entered.
The court also permitted Price to testify regarding her financial
status and granted Price seven days to submit an opposition to the
attorneys' fees and to present verifiable, reliable evidence
regarding her financial status.[6] No timely, relevant, verified
evidence was submitted; however, the court did receive and file on

---

[4] See supra note 3.

[5] Recusal is appropriate if a reasonable person "with
knowledge of all of the circumstances might reasonably question the
judge's impartiality."  In re Beard, 811 F.2d 818, 827 (4th Cir.
1987).  "A presiding judge is not, however, required to recuse
himself simply because of unsupported, irrational or highly tenuous
speculation."  United States v. Cherry, 330 F.3d 658, 665 (4th Cir.
2003) (citation and internal quotation marks omitted).  Price's
motion sets forth absolutely no credible allegations which justify
recusal.  Rather, it is irrational, tenuous, and speculative.  The
only contact with any parties on matters in this case have been in
rulings on the various pleadings and motions before the court.  See
generally Liteky v. United States, 510 U.S. 540, 555-56 (1994); id.
at 555 ("[J]udicial rulings alone almost never constitute a valid
basis for a bias or partiality motion....Almost invariably, they
are proper grounds for appeal, not for recusal.").

[6]See infra note 13 (addressing Price's lack of credibility).

6

August 11, 2006, an unverified pleading entitled "Response to the Courts [sic] Order of August 1, 2006."[7]  The matter of sanctions is now finally ripe for review.

## II.  Rule 11 Sanction

Federal Rule of Civil Procedure 11 requires any party that signs a motion to conduct a reasonable inquiry into the facts and law underlying the submission in order to ensure that the motion is well grounded factually and legally.  See Fed. R. Civ. P. 11(b) (2006); Bus. Guides, Inc. v. Chromatic Communs. Enters., Inc., 498 U.S. 533, 541-43 (1991).  If a party's motion has no basis under the facts or the law, then the party failed to conduct a reasonable inquiry because such an investigation would have revealed that the motion had no grounds.  See Brubaker v. Richmond Fin. Holding Co., Inc., 943 F.2d 1363, 1373 (4th Cir. 1991).[8]

In this matter, Price has repeatedly filed signed motions that were legally inapposite, such as Rule 60 motions seeking relief from judgments that were not final.  Even a brief inquiry into the

---

[7]Plaintiff states in this pleading that she "is responding to the court order of august [sic] 1, 2006. althought [sic] plaintiff did not receive in writing a copy of said order." Plaintiff was present in court on August 1, 2006, when the court granted her seven days to oppose the attorneys' fees and verify her financial status.

[8] For purposes of Rule 11 sanctions, a court should grant a pro se party a greater "degree of indulgence" than an attorney. Johnson v. Lyddane, 368 F. Supp. 2d 529, 532 (E.D. Va. 2005). However, a pro se party still has the same duty to conduct a reasonable inquiry to ensure that her motion has factual and legal merit. In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997).

Federal Rules of Civil Procedure would have revealed that these motions were not pertinent to open cases and would be inevitably denied.[9]   Before the court disposed of the case, it tolerated Price's actions in light her <u>pro</u> <u>se</u> status.   However, once the court issued a final judgment, Price continued to make submissions that were legally frivolous given that the case was closed, taxing the court's time and resources and imposing costs on the defendants to defend themselves against Price's inappropriate motions.[10]   The court repeatedly warned Price of the frivolous nature of her motions and the burden it was imposing on the court and attorneys, but she persisted in not only filing groundless motions in violation of the reasonable inquiry requirement of Rule 11, but also in violation of this court's repeated warnings and orders. Furthermore, she has failed to show cause excusing her actions.[11] Therefore, the court **FINDS** that Price clearly has violated Rule 11

---

[9] <u>See</u> Fed. R. Civ. P. 60(b) (providing for relief from "a final judgment").

[10] Generally, "[m]onetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made." Fed. R. Civ. P. 11(c)(2)(B).   However, this is not a situation in which the court is imposing a fine based on submissions made prior to the closing of a case.   This matter concerns repeated, frivolous submissions made in violation of the court's orders <u>after</u> the case was closed.    Price's actions demonstrate that there is no likelihood that she will stop making such submissions absent a fine imposed to deter her conduct, the primary objective that Rule 11 is designed to serve.   <u>See</u> <u>infra</u> at 8-9.

[11] <u>See</u> <u>infra</u> note 13 (addressing Price's lack of credibility).

by repeatedly submitting signed materials, after her case was closed, without conducting a reasonable inquiry into the law underlying those submissions.

When imposing sanctions under Rule 11, a court should impose only "the least severe sanction adequate to serve the purposes of" the rule. In re Kunstler, 914 F.2d 505, 522 (4th Cir. 1990). The primary purpose of Rule 11 is to deter future litigation abuse. Id. at 522. Thus, the "first" consideration in assessing the amount of a sanction is determining what amount is necessary to deter future filings of frivolous motions. Id. at 522-23. Additionally, the court must consider an offending party's ability to pay. Id. at 523.[12] In light of Price's financial status,[13] the

---

[12] Other factors relevant to determining the amount of a Rule 11 sanction include "the offending party's history [and] experience,...the severity of the violation, [and] the degree of which malice or bad faith contributed to the violation." In re Kunstler, 914 F.2d at 524-25. Price's history of filing submissions, her experience, and the severity of the costs imposed by her repeated violations, are discussed supra notes 1-11 and accompanying text. The bad faith underlying her violations is discussed infra at 10-11.

[13] Price has failed to be forthright throughout her case and the show cause proceedings, and the court FINDS her testimony regarding her financial status not credible. See In re Kunstler, 914 F.2d 505, 523 (4th Cir. 1990) ("Inability to pay...should be treated as reasonably akin to an affirmative defense, with the burden on the parties being sanctioned to come forward with evidence of their financial status."). On May 10, 2006, Price moved for a continuance of the show cause hearing to retain a lawyer. The court granted Price's motion, but Price never retained a lawyer, though she did file a notice of appeal immediately after the continuance was granted. See supra at 5. On June 7, 2006, Price again moved for a continuance because she purportedly filed a writ of mandamus with the Fourth Circuit. See supra at 5-6.

court **FINDS** that a fine of $1000.00 may be sufficient to deter future filings in this previously closed case.

### III. Civil Contempt Fine

In addition to Rule 11, district courts have the inherent power to sanction a party for civil contempt. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The court may use its inherent power to impose sanctions if a "party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46 (citation and internal quotation marks omitted). A civil contempt fine can consist of an award of attorneys' fees to remedy the costs of litigation caused by the offending party's conduct. See id. at 45.[14]

---

When the court informed her at the August 1, 2006, hearing that no writ was filed, Price made no protestations that she did file the writ and did not even seem surprised. These tactics to repeatedly continue the show cause proceedings and to frustrate the court's ability to dispose of this matter demonstrate her bad faith and lack of credibility.

Moreover, Price has never applied for in forma pauperis status. She twice filed a notice of appeal, paying a $255.00 filing fee, and once filed a notice of appeal with a $455.00 filing fee. She has made various trips to this court in Norfolk, Virginia, from New Jersey, even though the court gave her the opportunity to show cause through written submissions. See supra at 5. Clearly, Price has had the resources to pay for all of these actions. Additionally, she submitted no documentary evidence regarding her financial status, despite being given ample opportunities by the court to make such submissions.

[14] Generally, the court also must evaluate the reasonableness of the opposing party's attorneys' fees when imposing them under Rule 11. See In re Kunstler, 914 F.2d at 523. However, the court is awarding attorneys' fees under its inherent civil contempt powers and not under Rule 11, and thus conducts that inquiry infra note 15 and accompanying text.

Price's continuous litigation of knowingly frivolous matters demonstrates that she has submitted her motions in bad faith, <u>see Davis v. Target Stores Div. of Dayton Hudson Corp.</u>, 87 F. Supp. 2d 492, 494 (D. Md. 2000), and with an illicit motive to oppress and harass the defendants.   Furthermore, her submissions have been vexatious because she has repeatedly submitted meritless motions despite the court frequently cautioning her that her submissions were frivolous.   <u>See</u> <u>McMahon v. F&M Bank-Winchester</u>, 1994 U.S. App. LEXIS 36788, at *6 (4th Cir. 1994) (unpublished).   Finally, Price's inattention to and neglect of legal duties, including those grounded in Rule 11 and this court's orders, amounts to wanton conduct.   <u>See</u> <u>In re Fisherman's Wharf Fillet, Inc.</u>, 83 F. Supp. 2d 651, 665 (E.D. Va. 1999).    Therefore, a civil contempt fine awarding attorneys' fees is appropriate.    Upon review of the defendants' statements of fees and the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974),[15] the court **FINDS** that the number of hours expended on this matter, the hourly rates, and the total amount of the fees, are reasonable.    Accordingly, the court **ORDERS** Price to pay attorneys' fees to defendants in the amount of $3,300.00 for First

---

[15] The Fourth Circuit has instructed district courts to consider the twelve <u>Johnson</u> factors when determining the reasonableness of attorneys' fees.   <u>See</u> <u>Barber v. Kimbrell's</u>, 577 F.2d 216, 226 (4th Cir. 1978).

Star and White,[16] and $909.66 for the United States of America.

## IV.  Conclusion

For the reasons stated above, the court **ORDERS** Price to pay a sanction to the court in the amount of $1000.00, pursuant to Federal Rule of Civil Procedure 11, to be paid directly to the attorneys within thirty (30) days, after which interest at the judgment rate accrues.  The court **HOLDS** Price in civil contempt and accordingly **ORDERS** her to pay attorneys' fees of $3,300.00 to First Star and White, and $909.66 to the United States of America, to be paid within thirty (30) days, after which interest at the judgment rate accrues.  The court **WARNS** Price that if she fails to pay these monetary fines in a timely fashion, then the court may hold further civil contempt proceedings that can result in incarceration and further fines to compel compliance with this Final Order.  See Int'l Union v. Bagwell, 512 U.S. 821, 827-29 (1994).  The court further **WARNS** Price that continued filings in this previously closed case, absent approval and direction to the contrary from the Fourth Circuit Court of Appeals, will result in renewed sanctions by this court.

Price may appeal this Opinion and Final Order within sixty (60) days by filing a notice of appeal with the Clerk, United States District Court for the Eastern District of Virginia, 600

---

[16] First Star and White are represented by the same counsel.

12

Granby Street, Norfolk, Virginia 23510.   If Price chooses to appeal, she still must pay the fines as directed by this Opinion and Final Order even before the Fourth Circuit resolves her appeal, unless she moves this court for a stay of the Opinion and Final Order and posts a bond, and this court grants the motion and approves the bond.  See Fed. R. Civ. P. 62.  The Clerk is **DIRECTED** to forward a copy of this Opinion and Final Order to plaintiff and to counsel for defendants.

   IT IS SO ORDERED.

                                  _____/s/_____
                                           Rebecca Beach Smith
Norfolk, Virginia

August 15, 2006

EXHIBIT A

APPEAL, CLOSED, STAY

# U.S. District Court
## Eastern District of Virginia (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:03-cv-00568-RBS-FBS

Price v. First Star Mortgage, et al
Assigned to: District Judge Rebecca Beach Smith
Referred to: Magistrate Judge F. Bradford Stillman
Demand: $4,000,000
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 08/07/2003
Jury Demand: None
Nature of Suit: 290 Real Property: Other
Jurisdiction: Federal Question

**Plaintiff**

**Valarie Price**

represented by **Valarie Price**
611 Stamford Drive
Neptune, NJ 07753
(732) 688-6841
PRO SE

**Defendant**

**First Star Mortgage**
*also known as*
US Bank

represented by **Jonathan Leigh Hauser**
Troutman Sanders LLP
222 Central Park Ave
PO Box 61185
Virginia Beach, VA 23462
(757) 687-7500
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony J. Anthony J. Corcini,
Secretary Department of Veterans
Affairs**
*TERMINATED: 01/09/2004*

represented by **George M. Kelley, III**
United States Attorney's Office
101 W Main St
Suite 8000
Norfolk, VA 23510
(757) 441-6331
*TERMINATED: 01/09/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samuel I. White**

represented by **Jonathan Leigh Hauser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| 08/07/2003 | 1 | COMPLAINT Filing Fee $ 150.00 Receipt # 40121 (clerk) (Entered: 08/08/2003) |
|---|---|---|
| 08/07/2003 | | CASE REFERRED to Magistrate Judge F. B. Stillman (clerk) (Entered: 08/08/2003) |
| 08/08/2003 | | SUMMONS (5 separate packages), with 1 copy each, U.S. Attorney at Norfolk, U.S. Attorney Generali, issued for First Star Mortgage, Anthony J. Corcini, Samuel I. White and delivered to pro se plaintiff. Forms and notice and to pro se plaintiff. (clerk) (Entered: 08/11/2003) |
| 08/13/2003 | 2 | ACKNOWLEDGEMENT OF SERVICE as to Anthony J. Corcini on 8/11/03; Answer due on 10/10/03 for Anthony J. Corcini (clerk) (Entered: 08/13/2003) |
| 08/14/2003 | 3 | SUMMONS Returned Executed on U.S. Attorney at Norfolk as to Anthony J. Corcini on 8/11/03 (clerk) (Entered: 08/15/2003) |
| 08/14/2003 | 4 | SUMMONS Returned Executed as to Samuel I. White on 8/11/03; Answer due on 9/2/03 for Samuel I. White (clerk) (Entered: 08/15/2003) |
| 08/14/2003 | 5 | SUMMONS Returned Executed by certified mail on U.S. Attorney General and Anthony Corcini (green cards not attached) as to Anthony J. Corcini 8/11/03 (clerk) (Entered: 08/15/2003) |
| 09/02/2003 | 6 | MOTION by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (clerk) (Entered: 09/02/2003) |
| 09/02/2003 | 7 | MEMORANDUM in support of [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, received. (clerk) (Entered: 09/02/2003) |
| 09/16/2003 | 8 | MOTION by Valarie Price to Strike [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (clerk) (Entered: 09/17/2003) |
| 09/16/2003 | 9 | MEMORANDUM in support of [8-1] motion by Valarie Price to Strike [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, received. (clerk) (Entered: 09/17/2003) |
| 09/29/2003 | 10 | RESPONSE by Samuel I. White to [8-1] motion by Valarie Price to Strike [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (clerk) (Entered: 09/30/2003) |
| 10/09/2003 | 11 | ANSWER to Complaint by Anthony J. Corcini (Attorney George M. Kelley III) (clerk) (Entered: 10/14/2003) |
| 10/10/2003 | 12 | MOTION with Memorandum in Support by Valarie Price for Summary Judgment against defendant Samuel I. White (clerk) Modified on 10/24/2003 (Entered: 10/14/2003) |
| 10/10/2003 | 13 | REPLY by Valarie Price to response to [8-1] motion by Valarie Price to Strike [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, received. (clerk) (Entered: |

| | | 10/14/2003) |
|---|---|---|
| 10/17/2003 | 14 | MOTION by First Star Mortgage to Dismiss . Filed subject to defect (not timely). Defect lifted per order of 11/20/03. (clerk) Modified on 11/20/2003 (Entered: 10/20/2003) |
| 10/17/2003 | 15 | MEMORANDUM in support of [14-1] motion by First Star Mortgage to Dismiss, received. (clerk) (Entered: 10/20/2003) |
| 10/20/2003 | 16 | WAIVER OF SERVICE Returned Executed as to First Star Mortgage on 8/14/03 (clerk) (Entered: 10/21/2003) |
| 10/20/2003 | 17 | MOTION with Memorandum in Support by Valarie Price by Valarie Price to Strike [11-1] answer by Anthony J. Corcini (clerk) (Entered: 10/21/2003) |
| 10/20/2003 | 18 | MOTION with Memorandum in Support by Valarie Price for Summary Judgment against Anthony J. Corcini, Secretary Department of Veterans Affairs (clerk) (Entered: 10/21/2003) |
| 10/28/2003 | 19 | MEMORANDUM by Samuel I. White in opposition to [12-1] motion by Valarie Price for Summary Judgment against defendant Samuel I. White, received. (clerk) (Entered: 10/29/2003) |
| 10/28/2003 | 20 | Roseboro Notice by First Star Mortgage, Samuel I. White (clerk) (Entered: 10/29/2003) |
| 10/28/2003 | 21 | Financial Interest Disclosure Statement (Local Rule 7.1) by First Star Mortgage, Samuel I. White (clerk) (Entered: 10/29/2003) |
| 10/31/2003 | 22 | RESPONSE by Anthony J. Corcini to [17-1] motion by Valarie Price to Strike [11-1] answer by Anthony J. Corcini (clerk) (Entered: 11/03/2003) |
| 10/31/2003 | 23 | RESPONSE by Anthony J. Corcini to [18-1] motion by Valarie Price for Summary Judgment against Anthony J. Corcini, Secretary Department of Veterans Affairs (clerk) (Entered: 11/03/2003) |
| 10/31/2003 | 23 | MOTION by Anthony J. Corcini for additional time to provide affidavits and other evidence in support of defendant's answer (clerk) (Entered: 11/03/2003) |
| 11/03/2003 | 24 | MOTION with Memorandum in Support by Valarie Price to Strike answer (no answer filed by First Star Morgage) [14-1] motion by First Star Mortgage to Dismiss (clerk) (Entered: 11/03/2003) |
| 11/03/2003 | 25 | MOTION with Memorandum in Support by Valarie Price for Leave to File late answer to late motion (of First Star Mortgage) , by Valarie Price to allow defendant (First Star Mortgage) late answer to be filed , by Valarie Price to substitute motion to strike attached to this motion for document no. 24 filed 11/3/03 . Motion to strike to be substituted attached to this motion. (clerk) (Entered: 11/04/2003) |
| 11/06/2003 | 26 | MOTION by Valarie Price to Extend Time to rebut the response of Secretary, Department of Veterans Affairs to plaintiff's motion for summary judgement (clerk) (Entered: 11/06/2003) |

| 11/06/2003 | 27 | MOTION by Valarie Price to Extend Time to rebut the response of Secretary, Department of Veterans Affairs to plaintiff's Rule 12(f) motion to strike defendants answer (clerk) (Entered: 11/06/2003) |
|---|---|---|
| 11/07/2003 | 28 | MOTION by Valarie Price to Extend Time to provide affidavits and other evidence in support of plaintiff motion to strike Firstar Mortgage's answer (clerk) (Entered: 11/07/2003) |
| 11/20/2003 | 29 | OPINION AND ORDER mooting [28-1] motion by Valarie Price to Extend Time to provide affidavits and other evidence in support of plaintiff's motion to strike Firstar Mortgage's answer; denying [24-1] motion by Valarie Price to Strike answer (no answer filed by First Star Morgage) [14-1] motion by First Star Mortgage to Dismiss; mooting [25-1] motion by Valarie Price for Leave to File late answer to late motion (of First Star Mortgage); mooting [25-2] motion by Valarie Price to allow defendant (First Star Mortgage) late answer to be filed; mooting [25-3] motion by Valarie Price to substitute motion to strike attached to this motion for document no. filed 11/3/03; denying [8-1] motion by Valarie Price to Strike [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; directing plaintiff to file response to defendants First Star Mortgage's and White's motions to dismiss within twenty (20) days from the date of this order: set Respond Deadline 12/10/03 ; directing clerk to lift defect on motion to dismiss by First Star Mortgage filed 10/17/03; and reminding defendants of requirement of Roseboro notice to pro se plaintiff, entered 11/19/03 and filed 11/20/03 (signed by Judge Rebecca B. Smith) Copies Mailed: 11/20/03 [EOD Date: 11/20/03] (clerk) (Entered: 11/20/2003) |
| 11/20/2003 | 30 | REPLY by Valarie Price to response to [17-1] motion by Valarie Price to Strike [11-1] answer by Anthony J. Corcini, received. (clerk) (Entered: 11/21/2003) |
| 11/20/2003 | 31 | REPLY by Valarie Price to response to [18-1] motion by Valarie Price for Summary Judgment against Anthony J. Corcini, Secretary Department of Veterans Affairs, received. (clerk) (Entered: 11/21/2003) |
| 11/20/2003 | 31 | MEMORANDUM by Valarie Price in opposition to [23-1] motion by Anthony J. Corcini for additional time to provide affidavits and other evidence in support of defendant's answer, received. (clerk) (Entered: 11/21/2003) |
| 11/25/2003 | 32 | OPINION AND ORDER withholding judgment on plaintiff's pending motions against the Secretary of the Department of Veterans Affairs; advising plaintiff that the court will dismiss her claims against the Secretary unless she establishes that this court has subject matter jurisdiction over these claims within twenty (20) days from the date of this order; and if plaintiff files a response, the Secretary shall have ten (10) days in whch to file any materials in opposition, entered and filed 11/25/03 (signed by Judge Rebecca B. Smith) Copies Mailed: 11/25/03 [EOD Date: 11/25/03] (clerk) (Entered: 11/25/2003) |
| 12/09/2003 | 33 | RESPONSE by Valarie Price in opposition to [14-1] motion by First Star |

| | | |
|---|---|---|
| | | Mortgage to Dismiss, [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (clerk) (Entered: 12/10/2003) |
| 12/15/2003 | 34 | RESPONSE by Valarie Price to [32-1] order (clerk) (Entered: 12/16/2003) |
| 12/29/2003 | 35 | MOTION by Valarie Price for relief from judgment or order per Rule 60 (a) and (b) FRCVP , and by Valarie Price for Leave to File amended complaint after ruling on motion to amend or 20 days after appeal if necessary whichever is longer (clerk) (Entered: 12/30/2003) |
| 12/31/2003 | 36 | NOTICE OF APPEAL by Valarie Price. FILING FEE $ 255.00 RECEIPT # 41907 (jcow) (Entered: 12/31/2003) |
| 12/31/2003 | | Copy of Notice of Appeal, Order and docket sheet to USCA: copy of notice of appeal to plaintiff/appellant re: [36-1] appeal by Valarie Price; copy of notice of appeal to counsel of record (jcow) (Entered: 12/31/2003) |
| 01/07/2004 | 37 | MOTION with Memorandum in Support by Anthony J. Corcini for Leave to File reply to court's order of 11/25/03 out of time (clerk) (Entered: 01/07/2004) |
| 01/07/2004 | 38 | RESPONSE by Anthony J. Corcini to [32-1] order of 11/25/03. Filed subject to defect (not timely). FILED PER ORDER OF 1/9/04. (clerk) Modified on 01/09/2004 (Entered: 01/07/2004) |
| 01/09/2004 | 39 | ORDER granting [37-1] motion by Anthony J. Corcini for Leave to File reply to court's order of 11/25/03 out of time, lifting defect; and Dismissing plaintiff's claim against the Secretary of the Department of Veterans Affairs pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction , entered and filed 1/9/04 (signed by Judge Rebecca B. Smith) Copies Mailed: 1/9/04 [EOD Date: 1/9/04] (clerk) (Entered: 01/09/2004) |
| 01/09/2004 | 40 | JUDGMENT on decision by the court that the plaintiff's claim against Secretary of the Department of Veterans Affairs is DISMISSED pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, entered by the clerk and filed 1/9/04. OB. Copies Mailed: 1/9/04 [EOD DATE: 1/9/04] (clerk) (Entered: 01/09/2004) |
| 01/12/2004 | | USCA Case Number Re: [36-1] appeal by Valarie Price CASE MANAGER: Joy Hargett USCA NUMBER: 04-1032 (jcow) (Entered: 01/13/2004) |
| 01/13/2004 | | Certified and transmitted Record on Appeal to U.S. Court of Appeals: [36-1] appeal by Valarie Price (jcow) (Entered: 01/13/2004) |
| 01/20/2004 | 41 | RESPONSE by First Star Mortgage, Samuel I. White to [35-1] motion by Valarie Price for relief from judgment or order per Rule 60(a) and (b) FRCVP (clerk) (Entered: 01/20/2004) |
| | | |

| 03/09/2004 | 42 | NOTICE OF APPEAL by Valarie Price. FILING FEE $ 255.00 (jcow) (Entered: 03/09/2004) |
| 03/09/2004 |  | Copy of Additional Notice of Appeal and docket sheet to USCA re: [42-1] appeal by Valarie Price; copy of notice of appeal to plaintiff/appellant; copy of notice of appeal to counsel of record (jcow) (Entered: 03/09/2004) |
| 03/09/2004 |  | Receipt # 42768 for appeal fee paid on 3/9/04 (jcow) (Entered: 03/09/2004) |
| 03/18/2004 |  | USCA Case Number Re: [42-1] appeal by Valarie Price CASE MANAGER: Joy Hargett USCA NUMBER: 04-1274 (jcow) (Entered: 03/19/2004) |
| 03/19/2004 |  | Certified and Transmitted Supplemental Record on Appeal: [42-1] appeal by Valarie Price (jcow) (Entered: 03/19/2004) |
| 09/10/2004 | 43 | Copy of Opinion of USCA re: [36-1] appeal by Valarie Price Decided 9/9/04 dismissing the appeal ; attached copy of judgment will not take effect until issuance of the mandate. (jcow) (Entered: 09/10/2004) |
| 10/13/2004 | 44 | Copy of Opinion of USCA re: [42-1] appeal by Valarie Price Decided 10/12/04 dismissing the appeal ; attached copy of judgment will not take effect until issuance of the mandate. (jcow) (Entered: 10/18/2004) |
| 11/02/2004 | 45 | JUDGMENT OF USCA (certified copy) with copy of opinion of USCA dismissing the appeal re: [36-1] appeal, filed. (jcow) (Entered: 11/03/2004) |
| 11/02/2004 |  | Record on Appeal returned from U.S. Court of Appeals (jcow) (Entered: 11/03/2004) |
| 11/04/2004 | 46 | JUDGMENT OF USCA (certified copy) with copy of opinion of USCA dismissing the appeal re: [42-1] appeal, filed. (jcow) (Entered: 11/04/2004) |
| 11/16/2004 | 47 | ORDER DENYING [35-1] motion by Valarie Price for relief from judgment or order per Rule 60(a) and (b) FRCVP, GRANTING [35-2] motion by Valarie Price for Leave to File amended complaint after ruling on motion to amend or 20 days after appeal if necessary whichever is longer, ORDERING plaintiff to file a copy of the amended complaint w/the Clerk w/in 20 days of the date of this order; set Respond Deadline 12/9/04 ; entered and filed 11/16/04; (signed by Judge Rebecca B. Smith ) Copies Mailed: 11/17/04 [EOD Date: 11/17/04] (dken) (Entered: 11/17/2004) |
| 11/16/2004 | 48 | ORDER that plaintiff is to file an affidavit with the court stating under oath what state she was domiciled in on 8/7/03, the date this lawsuit was filed w/in 20 days of this Order; entered and filed 11/16/04; (signed by Judge Rebecca B. Smith) Copies Mailed: 11/07/04 [EOD Date: 11/17/04] (dken) (Entered: 11/17/2004) |
| 11/16/2004 | 49 | ORDER MOOTING [27-1] motion by Valarie Price to Extend Time to |

| | | |
|---|---|---|
| | | rebut the response of Secretary, Department of Veterans Affairs to plaintiff's Rule 12(f) motion to strike defendants answer, MOOTING [26-1] motion by Valarie Price to Extend Time to rebut the response of Secretary, Department of Veterans Affairs to plaintiff's motion for summary judgement, MOOTING [18-1] motion by Valarie Price for Summary Judgment against Anthony J. Corcini, Secretary Department of Veterans Affairs, MOOTING [17-1] motion by Valarie Price to Strike [11-1] answer by Anthony J. Corcini entered and filed 11/16/04;( signed by Judge Rebecca B. Smith ) Copies Mailed: 11/17/04 [EOD Date: 11/17/04] (dken) (Entered: 11/17/2004) |
| 12/07/2004 | 50 | MOTION by Valarie Price to Extend Time to Reply , and by Valarie Price for Clarification of Orders and Clarification of Firstar's Answer (dken) (Entered: 12/09/2004) |
| 12/10/2004 | 51 | ORDER GRANTING [50-1] motion by Valarie Price to Extend Time to Reply, DENYING [50-2] motion by Valarie Price for Clarification of Orders and Clarification of Firstar's Answer, GRANTING plaintiff a 30 day extension from the date of this order to respond to the court's 11/16/04 order; reset Response Deadline 1/14/05 ; ADVISING the plaintiff that no further extensions will be granted to her; entered and filed 12/10/04; (signed by Rebecca B. Smith ) Copies Mailed: 12/10/04 [EOD Date: 12/10/04] (dken) (Entered: 12/10/2004) |
| 01/11/2005 | 52 | MOTION with Memorandum in Support by Valarie Price for relief from judgment and orders; motion for defendants to be moved to US Court of Claims and Motion for Summary Judgment and if necessary motion for additional time to file affidavits (dken) (Entered: 01/11/2005) |
| 01/19/2005 | 53 | RESPONSE by First Star Mortgage, Samuel I. White to [52-1] motion by Valarie Price for relief from judgment and orders; motion for defendants to be moved to US Court of Claims and Motion for Summary Judgment and if necessary motion for additional time to file affidavits by Valarie Price; received (dken) (Entered: 01/20/2005) |
| 02/07/2005 | 54 | REPLY by Valarie Price to response to [52-1] motion by Valarie Price for relief from judgment and orders; motion for defendants to be moved to US Court of Claims and Motion for Summary Judgment and if necessary motion for additional time to file affidavits; received (dken) (Entered: 02/07/2005) |
| 02/09/2005 | 55 | ORDER DENYING [52-1] motion by Valarie Price for relief from judgment and orders; motion for defendants to be moved to Court of Claims and Motion for Summary Judgment and if necessary motion for additional time to file affidavits; and setting out appeal procedures; entered 2/8/05; filed 2/9/05; (signed by Judge Rebecca B. Smith ) Copies Mailed: 2/10/05 [EOD Date: 2/10/05] (dken) (Entered: 02/10/2005) |
| 02/09/2005 | 56 | ORDER GRANTING [14-1] motion by First Star Mortgage to Dismiss, MOOTING [12-1] motion by Valarie Price for Summary Judgment against defendant Samuel I. White, GRANTING [6-1] motion by Samuel I. White to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of |

|  |  | Civil Procedure; ADVISING plaintiff of her appeal rights; entered 2/8/05; filed 2/9/05; (signed by Judge Rebecca B. Smith ) Copies Mailed: 2/10/05 [EOD Date: 2/10/05] (dken) (Entered: 02/10/2005) |
|---|---|---|
| 02/10/2005 | 57 | JUDGMENT on decision by the court GRANTING defendants First Star Mortgage and Samuel I. White's motions to dismiss; entered 2/9/05; filed 2/10/05; ob. Copies Mailed: 2/10/05 [EOD DATE: 2/10/05] (dken) (Entered: 02/10/2005) |
| 02/10/2005 |  | Case closed (dken) (Entered: 02/10/2005) |
| 02/10/2005 |  | Disposable Record (dken) (Entered: 02/10/2005) |
| 02/23/2005 | 58 | MOTION by Valarie Price for relief from judgement [sic] or order per federal rule of civil procedure rule 60 (a) and (b) and rule 59(a) rule 61 motion to amend the claim if necessary (dken) (Entered: 03/01/2005) |
| 04/25/2005 | 59 | ORDER DENYING [58-1] motion by Valarie Price for relief from judgement [sic] or order per federal rule of civil rule 60 (a) and (b) and rule 59(a) rule 61 motion to amend the claim if necessary; and setting out plaintiff's appeal procedures; entered and signed 4/25/05; (signed by Judge Rebecca B. Smith Copies Mailed: 4/25/05 [EOD Date: 4/26/05] (dken) (Entered: 04/26/2005) |
| 02/08/2006 | 60 | MOTION to Amend Claim Per Rule 15(a)(b)(c) of the Federal Rule of Civil Procedure, MOTION to Have Matter Moved to the US Court of Claims, and MOTION for Summary Judgment by Valarie Price. Responses due by 2/22/2006 (vwar, ) (Entered: 02/09/2006) |
| 02/22/2006 | 61 | RESPONSE to Motion re [60] MOTION to Amend/Correct MOTION to Have Matter Moved to the US Court of Claims MOTION for Summary Judgment, filed by First Star Mortgage, Samuel I. White, received. (vwar, ) (Entered: 02/22/2006) |
| 02/22/2006 | 62 | RESPONSE to Motion re [60] MOTION to Amend/Correct MOTION to Have Matter Moved to the US Court of Claims MOTION for Summary Judgment filed by Anthony J. Anthony J. Corcini, Secretary Department of Veterans Affairs, received. (vwar, ) (Entered: 02/22/2006) |
| 03/02/2006 |  | MOTIONS [60] MOTION to Amend/Correct MOTION to Have Matter Moved to the US Court of Claims MOTION for Summary Judgment REFERRED to Judge Judge Smith. (vwar, ) (Entered: 03/02/2006) |
| 03/06/2006 | 63 | MOTION for Extension of Time to File Response/Reply as to [60] MOTION to Amend/Correct MOTION to Have Matter Moved to the US Court of Claims MOTION for Summary Judgment by Valarie Price. (vwar, ) (Entered: 03/06/2006) |
| 03/14/2006 | 64 | ORDER denying [60] Motion to Amend/Correct, denying [60] Motion to have matter moved to the US Court of Claims, denying [60] Motion for Summary Judgment, finding as moot [63] Motion for Extension of Time to File Response/Reply; warning plaintiff that sanctions under Rule 11 will apply equally to pro se plaintiffs for frivolous motions, including payment of defendants' attorneys' fees and costs for having to defend the |

CMBECF:03-and-00563-RBS-PBS Document 85 Filed 08/15/06 Page 22 of 25 PageID# 22 12

| | | |
|---|---|---|
| | | frivolous motions; and noting appeal procedures. Signed and filed by Judge Rebecca Beach Smith on 3/14/06. Copies Mailed: 3/14/06. (vwar, ) (Entered: 03/14/2006) |
| 03/20/2006 | ✪65 | MOTION for Extension of Time to Rebut the Responses of the Secretary, Department of Veterans Affairs and or the Department of Veterans Affairs and Samuel I White PC to Plaitniff's Motion to Amend the Claim Under Rule 15, (A)(B) and (C) Motion to Move to the US Court of Claim and Summary Judgment Against First Star Mortgage AKA US Bank by Valarie Price. (vwar, ) (Entered: 03/23/2006) |
| 03/24/2006 | ✪66 | ORDER TO SHOW CAUSE Show Cause Hearing set for 4/18/2006 10:00 AM before District Judge Rebecca Beach Smith. Signed and filed by Judge Rebecca Beach Smith on 3/24/06. Copies Mailed: 3/24/06. (vwar, ) (Entered: 03/24/2006) |
| 04/17/2006 | ✪67 | MOTION for continuance of 4/18/06 hearing, (Filed Subject to Defect) by Valarie Price. (mwin, ) Modified on 4/18/2006 to add "Subject to Defect" (vwar, ). (Entered: 04/17/2006) |
| 04/18/2006 | ✪68 | SHOW CAUSE HEARING and MOTION HEARING proceedings held before Judge Rebecca Beach Smith: Valarie Price, pro se plaintiff, did not appear. Jonathan L. Hauser appeared on behalf of defendants First Star Mortgage and Samuel I. White. George M. Kelley, III, AUSA, appeared on behalf of defendant Anthony J. Corcini, etc. Show Cause Hearing held on 4/18/2006, Motion Hearing held on 4/18/2006 re [67] MOTION to Continue filed by Valarie Price. This matter came before the court on its Show Cause Order issued March 24, 2006, and plaintiff Valarie Price's failure to appear as directed by the Order, after proper service. The court directed that the motion for continuance filed on April 17, 2006, be marked "filed subject to defect." The court denied plaintiff's motion for continuance. For the reasons stated from the bench, plaintiff is in civil contempt for her failure to appear and to comply with the court's Order. Therefore, the court DIRECTS that an arrest warrant be issued for plaintiff's failure to appear and to compel plaintiff's appearance to address the Show Cause Order. The court stated that on the arrest warrant there should be no bond recommended. Court stated that counsel should prepare fee statements, although the court emphasized it has not decided whether to award fees. (Court Reporter Gloria Smith, OCR.) (mgra) (Entered: 04/18/2006) |
| 04/18/2006 | ✪69 | ORDER directing that a warrant be issued for plaintiff's failure to appear and compel plaintiff's appearance to address the Show Cause Order. Signed and filed by Judge Rebecca Beach Smith on 4/18/06, Copies Mailed: 4/18/06. (vwar, ) (Entered: 04/18/2006) |
| 04/18/2006 | ✪ | WARRANT of Arrest issued for Valarie Price (per direction of the court) and delivered to U.S. Marshal. (vwar, ) (Entered: 04/18/2006) |
| 05/09/2006 | ✪70 | MOTION to Change Venue by Valarie Price. (vwar, ) (Entered: 05/09/2006) |
| 05/10/2006 | ✪71 | SHOW CAUSE HEARING and MOTION HEARING proceedings held |

| | | |
|---|---|---|
| | | before Judge Rebecca Beach Smith: Valarie Price appeared pro se; Jonathan L. Hauser appeared on behalf of defendants First Star Mortgage and Samuel I. White; George M. Kelley, III, AUSA, appeared on behalf of defendant Anthony J. Corcini, etc.Show Cause Hearing held on 5/10/2006, Motion Hearing held on 5/10/2006 re [70] MOTION to Change Venue filed by Valarie Price. This matter came before the court on its Show Cause Order issued March 24, 2006. Plaintiff appeared and requested a continuance so that she may retain an attorney. The court continued the matter to June 7, 2006, at 12:00 p.m. For the reasons stated from the bench, the court denied plaintiff's May 9, 2006, motion to change venue. (Court Reporter Gloria Smith, OCR.) (mgra) (Entered: 05/10/2006) |
| 05/10/2006 | ☉72 | ORDER denying [70] Motion to Change Venue; continuing matter until 6/7/06 at 12:00 p.m. Signed and filed by Judge Rebecca Beach Smith on 5/10/06, Copies mailed: 5/10/06. (vwar, ) (Entered: 05/10/2006) |
| 05/10/2006 | ☉ | Set/Reset Hearings: Show Cause Hearing set for 6/7/2006 12:00 PM before District Judge Rebecca Beach Smith. (vwar, ) (Entered: 05/10/2006) |
| 05/10/2006 | ☉73 | NOTICE OF APPEAL by Valarie Price. Filing fee $ 455, receipt number 51838. (jcow, ) (Entered: 05/10/2006) |
| 05/11/2006 | ☉ | Transmission of Notice of Appeal, order and Docket Sheet to US Court of Appeals re [73] Notice of Appeal; copy of notice of appeal to plaintiff/appellant; copy of notice of appeal to counsel of record (jcow, ) (Entered: 05/11/2006) |
| 05/22/2006 | ☉ | USCA Case Number 06-1584; case manager: Shirley Beasley; USCA Fourth Circuit for [73] Notice of Appeal filed by Valarie Price (jcow, ) (Entered: 05/22/2006) |
| 05/22/2006 | ☉ | Certified and Transmitted Record on Appeal to US Court of Appeals re [73] Notice of Appeal (jcow, ) (Entered: 05/22/2006) |
| 06/07/2006 | ☉74 | MOTION to Stay with Memorandum in Support by Valarie Price. (vwar, ) (Entered: 06/07/2006) |
| 06/07/2006 | ☉75 | SHOW CAUSE HEARING and MOTION HEARING proceedings held before Judge Rebecca Beach Smith: Valarie Price appeared pro se; Jonathan L. Hauser appeared on behalf of defendants First Star Mortgage and Samuel I. White; George M. Kelley, III, AUSA, appeared on behalf of defendant Anthony J. Corcini, etc. Show Cause Hearing held on 6/7/2006, Motion Hearing held on 6/7/2006 re [74] MOTION to Stay filed by Valarie Price. For the reasons stated from the bench, the court temporarily grants pltf's motion to stay the show cause hearing until the Fourth Circuit decides her writ of mandamus, and continues this matter to August 1, 2006, at 2:00 p.m. The court directs the court reporter to prepare a transcript of the instant proceeding to be filed with the Fourth Circuit, so that it has a complete chronology of this case. The court orders counsel for defts. to file a statement of their expenses and fees incurred in responding to pltf's submissions since the case was closed on |

| | | |
|---|---|---|
| | | February 9, 2005, and to file any other motions for sanctions they deem appropriate. The court orders pltf to prepare a financial statement, including a copy of her 2005 tax returns, all of which will be sealed; and an affidavit, or to be prepared to deliver oral testimony under oath at the August 1, 2006, hearing, regarding the status of her current employment and income. Defts. and pltf's submissions shall be made on or before July 28, 2006. Each party will have an opportunity to respond to the opposing party's submission at the August 1, 2006, hearing. The court stated that is the pltf. prefers to brief this matter instead of personally appearing, as she mentioned today, then the court orders the pltf. to submit her brief by July 5, 2006. Pltf's brief must show cause why the court should not impose sanctions under Federal Rule of Civil Procedure 11 and/or its inherent power to hold her in civil contempt. The brief must also include her sworn financial statement, her 2005 tax returns, and an affidavit regarding her employment status and income. Defts. will have ten days to respond and to file their expenses and fee statements and any other motions for sanctions. The pltf. will then have ten days to reply to defts. submissions. Court will prepare an order. (Court Reporter Gloria Smith, OCR.) (mgra, ) (Entered: 06/08/2006) |
| 06/07/2006 | ❍76 | ORDER granting [74] Motion to Stay until 8/1/06 at 2:00 p.m.; directing court reporter to prepare transcript of the instant proceeding be filed in the 4th Circuit; directing counsel for defendants to file a statement of their expenses and fees incurred in responding to plaintiff's submissions since the case was closed on 2/9/05; directing plaintiff to prepare a financial statement, including a copy of her 200 tax returns, all of which will be sealed; and an affidavit, or be prepared to deliver oral testimony under oath at the 8/1/06 hearing; advising that plaintiff's and defendants submissions shall be made by 7/28/06; advising plaintiff that if she wishes not to appear at the 8/1/06 hearing, she must submit her brief by 7/5/06; advising defendants they will have 10 days to respond and to file their expenses and fee statements and any motions for sanctions; plaintiff will then have 10 days to reply to defendants' submission. Signed and filed by Judge Rebecca Beach Smith on 6/7/06, Copies Mailed: 6/8/06. (vwar, ) (Entered: 06/08/2006) |
| 06/07/2006 | ❍ | Set Deadlines/Hearings: Show Cause Hearing set for 8/1/2006 02:00 PM before District Judge Rebecca Beach Smith. (vwar, ) (Entered: 06/08/2006) |
| 06/14/2006 | ❍77 | TRANSCRIPT of Proceedings held on 6/7/06 (Further Hearing on Show Cause) before Judge Smith. Court Reporter: Gloria S. Smith. (vwar, ) (Entered: 06/14/2006) |
| 06/15/2006 | ❍78 | WARRANT FOR ARREST Returned executed as to Valarie Price on 5/4/06 by U.S. Marshal. (jcow, ) (Entered: 06/15/2006) |
| 06/15/2006 | ❍ | Supplemental Record on Appeal transmitted to US Court of Appeals re [73] Notice of Appeal (jcow, ) (Entered: 06/15/2006) |
| 07/27/2006 | ❍79 | Statement of Fees Incurred for the Period April 25, 2005 through August 1, 2006, filed by First Star Mortgage, AKA US Bank and Samuel I. |

| | | |
|---|---|---|
| | | White, P.C. (vwar, ) (Entered: 07/31/2006) |
| 07/28/2006 | ◯80 | MOTION for Attorney Fees by Anthony J. Anthony J. Corcini, Secretary Department of Veterans Affairs. (vwar, ) (Entered: 07/31/2006) |
| 07/28/2006 | ◯81 | Memorandum in Support re [80] MOTION for Attorney Fees filed by Anthony J. Anthony J. Corcini, Secretary Department of Veterans Affairs, received. (vwar, ) (Entered: 07/31/2006) |
| 08/01/2006 | ◯82 | MOTION for Continuance of Stay and Removal of Judge rebecca Beach-Smith by Valarie Price. (vwar, ) (Entered: 08/01/2006) |
| 08/01/2006 | ◯83 | SHOW CAUSE HEARING AND MOTION HEARING proceedings held before Judge Rebecca Beach Smith: Valarie Price appeared pro se; Jonathan L. Hauser appeared on behalf of defendants First Star Mortgage and Samuel I. White; George M. Kelley, III, AUSA, appeared on behalf of defendant Anthony J. Corcini, etc. Show Cause Hearing held on 8/1/2006, Motion Hearing held on 8/1/2006 re [82] MOTION to Continue filed by Valarie Price. This matter comes before the court on the Show Cause Order issued March 24, 2006. Court denied plaintiff's motion for continuance of stay and removal of Judge Rebecca Beach Smith. Plaintiff sworn. Plaintiff presented evidence. Defendants did not present any evidence. Court gave plaintiff seven days from today to file any opposition to attorney's fees. Also, the plaintiff will have seven days from today to file an affidavit with the court with verifiable information about her financial status. (Court Reporter Gloria Smith, OCR.) (mgra) (Entered: 08/01/2006) |
| 08/11/2006 | ◯84 | Response to [83] Show Cause Hearing, filed by Valarie Price. (vwar, ) (Entered: 08/11/2006) |

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _Rebecca H. Hord_
DEPUTY CLERK